EASTERN DIST.
February, 1837.

DECOUX ET AL.
vs
LEDOUX.

---

DECOUX ET AL. vs. LEDOUX.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF POINT COUPEE.

A person acting either as executor, or agent of a succession, by the advice and authority of a family meeting, in settling its affairs, and paying over to the heirs their respective portions, is entitled to his commissions thereon.

This is an action by the heirs of their grandmother, to recover the sum of about nine hundred and ten dollars, which they allege, the defendant, as executor and agent of her succession, illegally and erroneously charged for his commissions. The plaintiffs allege, that the executor had no seizin of said succession, and was only charged with conservatory acts, and paying some small legacies. That he proceeded to sell the effects of said succession on a credit of two instalments, and rendered an account of the first, for the sum of ten thousand eight hundred and seventy dollars. They finally show, that the defendant charged and received two and a half per cent., commission, as executor, on the amount of the inventory, to wit: the sum of twenty-

five thousand one hundred and forty-five dollars, and also <span>EASTERN DIST.</span>
two hundred and one dollars, and seventy-seven cents com- <span>February, 1837.</span>
mission, as administrator, on the sum which he accounted
for, &c. They allege, that the whole was allowed and
paid in error, and that being minors, they are not bound by
the proceedings thus had. They pray judgment for such
excess of commissions allowed, as may be found due on
investigation.

<span>DECOUX ET AL.<br>vs.<br>LEDOUX.</span>

The defendant pleaded a general denial; and further
averred, that as testamentary executor of widow Decoux,
deceased, he was authorized, and took possession of the whole
of her succession; that it became necesssary for the pay-
ment of the legacies, that the whole should be sold, and
which was sold with the advice of a family meeting, and
the proceedings had, approved by the same authority, the
minors being also represented by their tutor, &c.   He prays
to be dismissed, &c.

The probate judge ordered another account to be rendered,
and on scrutinizing the accounts, decided that the defendant
had charged and received three hundred and fifty-six
dollars and seventy-five cents, as excess of commissions,
which he was ordered to refund to the plaintiffs.   From
this judgment, they being dissatisfied therewith, took an
appeal.

_F. N. Ogden_, for the plaintiffs and appellants.

_L. Janin_, for the defendant.

_Martin, J._, delivered the opinion of the court.

In this case the plaintiffs were dissatisfied with a judgment
of the Court of Probates, which gave them a small sum,
as excess of commissions, charged by the defendant on the
settlement of their grandmother's estate, as her testamentary
executor; and have appealed to this court for redress.
They allege he improperly retained for commissions the
sums now demanded, in settling said succession, either as
executor, and afterwards as agent, by the direction of a

Eastern Dist. family meeting. They further contend, that the mandate,
February, 1837. thus executed by the defendant, was a gratuitous one.

A person act-
ing either as ex-
ecutor or agent
of a succession,
by the advice and
authority of a
family meeting,
in settling its
affairs, and pay-
ing over to the
heirs their res-
pective portions,
is entitled to his
commissions
thereon.

The defendant denied that he owed the plaintiffs any sum, and justified his charge and claim to commissions. He also prayed to have the judgment amended in his favor.

The facts of the case are substantially the same as those in the case of *Decoux's heirs* vs. *Plantevignes,* just decided. *Vide ante,* 503. The judgment, therefore, must be the same in *this* case, as was rendered in *that.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, be annulled, avoided and reversed; and that there be judgment for the defendant, with costs in both courts.